# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| *In re*: Carrie E. Hurtik,<br>Attorney at Law, Bar No. 7028 | Case No. 2:23-ms-00012<br><br>ORDER OF SUSPENSION |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Carrie E. Hurtik's response to the Court's Order to Show Cause ("OSC") why she should not be suspended from practice before this Court following the Order of Suspension filed by the Nevada Supreme Court ("NSC") on February 17, 2023. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Attorney Hurtik from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Attorney Hurtik's compliance with the probationary conditions the NSC imposed on her. However, Attorney Hurtik may file a petition for reinstatement once she has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

**II.   BACKGROUND**

Attorney Hurtik was suspended by the NSC following her conditional guilty plea to a charge that she violated RPC 1.3 (diligence), 1.4 (communication), 1.5 (fees), and 1.15 (safekeeping property). (ECF No. 1 at 6.) She agreed to a two-year suspension, stayed for two years, provided she complies with certain probationary conditions. (*Id.* at 6-9.)

That means that the NSC will release Attorney Hurtik from probation in 2025 assuming she complies with the conditions imposed on her.

This Court issued the OSC as to why Attorney Hurtik should not be suspended from practice in this Court on March 2, 2023. (*Id.*) Attorney Hurtik filed her Response on April 4, 2023. (ECF No. 4.) In her Response, Attorney Hurtik argues the Court should not reciprocally suspend her with an actual suspension because she is still able to practice in Nevada state court, where she received a stayed suspension, and significant mitigating factors excuse her misconduct that led to her guilty plea. (*Id.* at 6-10.)

### III.  DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Attorney Hurtik from practice before this Court because the NSC's disciplinary adjudication regarding Attorney Hurtik following her conditional guilty plea appears to have been proper, and she presents no clear and convincing evidence to the contrary. Further, and as noted above, while Attorney Hurtik does appear to be allowed to practice in the Nevada state courts, she is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 6-9.)

///

Despite Attorney Hurtik's valid arguments in her Response, the Court sees no substantial reasons not to suspend Attorney Hurtik based on its review of the record. *See* LR IA 11-7(e)(3). The Court's practice is to treat stayed suspensions by the NSC as actual suspensions in this Court, following the NSC's lead in cases where it imposes discipline instead of creating a parallel monitoring system. The Court does not wish to create an exception for Attorney Hurtik in this case. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Hurtik is not currently in good standing with the NSC. Thus, she cannot currently satisfy a prerequisite for admission to the bar of this Court. Moreover, as noted both above and in other, similar orders, the Court has neither the obligation, resources, nor inclination to monitor compliance with the probationary conditions the NSC imposed on Attorney Hurtik. The Court will therefore suspend Attorney Hurtik.

That said, Attorney Hurtik is free to petition the Court for reinstatement under LR IA 11-7(i) assuming she is able to successfully complete her term of probation with the NSC. Any petition for reinstatement should not be filed until Attorney Hurtik has successfully discharged each and every probationary condition imposed on her by the NSC, and she is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that her practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from her conditional guilty plea or any other discipline imposed on her by the NSC, such as a letter from the Nevada State Bar confirming she successfully discharged her probation.

## IV.    CONCLUSION

It is therefore ordered that Carrie E. Hurtik, Bar No. 7028, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 6th Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of the United States District Court, and that on this 6th Day of April 2023, I caused to be served a true and correct copy of the foregoing Order of Suspension to the following parties via Certified Mail, Return Receipt Requested, via the United States Postal Service, in a sealed envelope, postage prepaid, to the following address:

> Carrie E. Hurtik
> c/o Janeen V. Isaacson, Esq.
> 9900 Covington Cross Dr., Ste. 120
> Las Vegas, NV 89144

Certified Mail No.: 7020 3160 0000 7420 3555

> /s/ Sharon H.
> Deputy Clerk
> United States District Court,
> District of Nevada